UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald Chappell,                                     Case No. 1:17-cv-00080

    Plaintiff,                                  Judge Michael Barrett

v.

CO Woods, et. al.,

    Defendants.

## ORDER

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("R&R") in which the Magistrate Judge recommends that Defendants' Motion for Summary Judgment (Doc. 42) be granted and this case be dismissed (Doc. 47). Plaintiff filed Objections (Doc. 49) and Defendants filed a Response to Plaintiff's Objections (Doc. 55). This matter is also before the Court on Plaintiff's Objections (Doc. 49) to the Magistrate Judge's Order that Plaintiff's non-dispositive motions (Docs. 32, 33, 34, 35, and 37) are denied as moot in light of the R&R (Doc. 48). The Magistrate Judge completed a comprehensive review of the record in the R&R and the same will not be repeated here except as necessary to respond to Plaintiff's Objections.

## STANDARDS OF REVIEW

When objections to an order of a magistrate judge are received on non-dispositive matters, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. FED. R. CIV. P. 72(a).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). "A party waives his or her right to appeal by failing to file objections to a magistrate's report." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Id.* at 509. Nevertheless, the objections of a petitioner appearing pro se will be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Summary judgment is appropriate when, in viewing the facts in a light most favorable to non-moving party, the Court finds "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Brooks v. Yates*, No. 1:09-CV-922, 2012 WL 2115301, at *1 (S.D. Ohio Mar. 30, 2012), *report and recommendation adopted*, No. 1:09-CV-00922, 2012 WL 2091529 (S.D. Ohio June 11, 2012).

## ANALYSIS

Plaintiff did not object to the Magistrate Judge's finding that Plaintiff failed to exhaust his administrative remedies regarding his failure to protect claims and finding that

all four Defendants are entitled to qualified immunity. Plaintiff's claims cannot survive his failure to object to these findings, as both findings are outcome determinative, threshold issues. However, in an abundance of caution, the undersigned will review, respond to, and rule on Plaintiff's Objections.

When read liberally, Plaintiff first argues that the Magistrate Judge erred in finding no genuine issue of material fact regarding both elements of his "failure to protect" claim. (Doc. 49 at PageID 263, 266). Plaintiff's next asserts that the Magistrate Judge erred in finding that there is no causal link between Plaintiff's injuries and the unconstitutional behavior that he alleges. (*Id.* at PageID 265). Plaintiff's final objection goes to the Magistrate Judge's finding that the video evidence in this matter was not altered and her order denying his motions regarding a requested forensic analysis of the video. (*Id.* at PageID 264).

The undersigned agrees that Plaintiff fails to show a genuine issue of material fact regarding the objective and subjective components of a "failure to protect" claim. (Doc. 47 at PageID 253). To succeed under §1983, Plaintiff must show: "1) the deprivation of a right secured by the Constitution or laws of the United States and; 2) the deprivation was caused by a person acting under color of state law." *Simscu v. Emmet County of Dept. Of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). To show "failure to protect," a plaintiff must establish the objective component, that he was "incarcerated under conditions posing a substantial risk of serious harm," and the subjective component, that a defendant "had knowledge of and disregarded an excessive risk to his safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

An inmate cannot show that he faced an objectively serious risk of harm or that prison personnel were subjectively aware of that risk with references to vague or generalized threats that are not supported by any substantiating facts. In *Mosquera v. Delgado*, an inmate alleged that prison officials failed to protect him from an attack perpetrated by three gang affiliated prisoners. *Mosquera v. Delgado*, No. 4:09CV1402, 2010 WL 2010973, at *1 (N.D. Ohio Apr. 30, 2010), *report and recommendation adopted*, No. 4:09CV1402, 2010 WL 2010969 (N.D. Ohio May 20, 2010). The inmate told prison personnel that he faced serious threats to his health and safety due to his conflict with a specific gang affiliated prisoner. *Id.* The inmate identified the prisoner by first and last name and gave specifics reasons for why that prisoner threatened him. *Id.* The court found that the inmate's complaints lacked "pertinent facts" necessary to display that he "was incarcerated under conditions posing an objectively serious risk of harm." *Id.* at *5. The court held that the prison personnel did not witness any threats or receive any substantiating facts about the threats from which they could have subjectively concluded that Inmate faced a substantial risk of harm. *Id.*

Here, Plaintiff alleges that he was deprived of his Eighth Amendment right to be protected from violence at the hands of another inmate. Plaintiff argues that he, properly, communicated that he faced an objectively serious risk of harm to Defendants verbally as well as through grievances and Informal Complaint Resolutions ("ICRs"). However, a review of his most specific ICR, dated September 2, 2014 and addressed to "Investigator," does not show that he faced an objectively serious risk of harm. (Doc. 44 at PageID 234). That ICR states, in relevant part,

> I am still being threatened by the AB. The AB White Beast threatened me and still send messages. I am being told to learn to adapt. I am also being

4

> told I can get messed up on the streets. The staff is working with these racist. Nobody is doing anything. The staff tell me to adapt because I can't hide. The AB is threatening me. I am trying to play it cool. I don't want them to know I am telling on them. Please help me. Someone is telling them what I say.

*Id.* The undersigned agrees that this ICR only shows a "generalized" fear. (Doc. 47 at PageID 256). Like in *Mosquera*, Plaintiff's ICR lacks specific details about the threats and only shows that he had a general fear of gang affiliated prisoners. *Id.* In fact, Plaintiff's ICR is even less specific than the inmate's in *Mosquera*, because Plaintiff only offers a possible nickname for a prisoner rather than identifying the prisoner by first and last name. (Doc. 44 at 234). Accordingly, the undersigned does not find that Plaintiff has satisfied the objective "sufficiently serious" element of his "failure to protect" claim.

Additionally, that ICR would not have made Defendants subjectively aware of a risk of harm to Plaintiff. Defendant Mahlman's role is "Institutional Inspector" and the ICR was addressed to "Investigator." (Doc. 44 at PageID 234). Thus, Defendant Mahlman could have been the intended recipient. And, even if she was not, the ICR itself indicates that the "Inspector" should receive a copy and the ICR is stamped "RECEIVED SOCF INSPECTOR." *Id.* Like the prison personnel in *Mosquera,* Defendant Mahlman did not witness any threats or receive any substantiating facts from Plaintiff about the alleged threats that would have made her subjectively aware of a serious threat to Plaintiff. (Mahlman Dec. at ¶16; Doc. 42-5 at PageID 185). Thus, there is no genuine issue of material fact that Defendants were not subjectively aware of a serious risk of harm to Plaintiff.

Even assuming Plaintiff could show that he faced an objectively serious risk of harm and Defendant Mahlman was aware of but disregarded that risk, Plaintiff cannot

5

show a causal link between the alleged unconstitutional behavior and his injuries. Plaintiff's next objection—that Inmate Collins's tattoo will show that Inmate Collin's is a member of the Aryan Brotherhood—is most generously read as evidence of a causal link between the alleged unconstitutional behavior and his injuries. (Doc. 49 at PageID 265). Plaintiff argues that Inmate Collins made a verbal taunt or threat toward Plaintiff prior to Plaintiff throwing the first punch. (Doc. 47 at PageID 253 n.4). However, a review of the video and contemporaneous evidence overwhelmingly shows Plaintiff initiated the physical altercation.

The passage of time and an inmate's actions can eliminate proof of causation in a failure to protect claim. *Blacker v. Satterthwaite*, No. 1:08-CV-874, 2011 WL 6338851, at *7 (S.D. Ohio Oct. 14, 2011), *report and recommendation adopted*, No. 1:08-CV-874, 2011 WL 6370054 (S.D. Ohio Dec. 19, 2011). In *Blacker*, an inmate initiated a physical altercation with another inmate eight months after he requested separation from his cellmates. *Id.* at *2. The court held that because too much time had passed between the inmate's complaint and the altercation, and because the inmate initiated the fight, he could not show that his injuries were caused by the defendant's unconstitutional behavior. *Id.* at *7. Similarly, here, Plaintiff initiated a physical altercation with Inmate Collins more than five months after Plaintiff's ICR alleging threats from the Aryan Brotherhood and "White Beast." (Video; Doc. 40) (Doc. 44 at PageID 234). Both the passage of over five months, and the fact that Plaintiff initiated the altercation, show that there is no causal relationship between the alleged unconstitutional behavior and the injuries. The undersigned also agrees that, in this context, common sense and caselaw confirm that Plaintiff cannot prove a "failure to protect claim" based on his starting a fight with another

inmate. (Doc. 47 at PageID 253, 254). In short, Plaintiff has not established that Defendants "caused" any harm to him, because of the passage of time and Plaintiff himself initiated the physical altercation.

The Magistrate Judge reviewed the exhibits filed in support of Defendants' Motion for Summary Judgment and found Plaintiff's "excessive force" allegation against Defendant Woods to be blatantly contradicted by the evidence. (Doc. 47 at PageID 249). She found that the video, declarations, contemporaneous incident reports, medical reports and all other documentary evidence support a finding that Plaintiff initiated the fight and that Defendant Woods did not use any force against Plaintiff. *Id.* After and independent view of that evidence of record, the undersigned agrees. Of note, the undersigned agrees that the "ALT CHECK" test conducted by Deputy Warden of Operations William Cool confirm that the video has not been altered. (*Id.* at PageID 252).

Finally, after consideration of Plaintiff's Objections (Doc. 49 at PageID 266) to the Magistrate Judge's Order (Doc. 48) denying his non-dispositive motions (Docs. 32, 33, 34, 35, and 37), the Court concludes that the Magistrate Judge's Order (Doc. 48) is not clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a).

## **CONCLUSION**

Consistent with the foregoing, the Court hereby **ADOPTS IN FULL** the Magistrate Judge's R&R (Doc. 47). Accordingly, it is **ORDERED** that Defendants' Motion for Summary Judgment (Doc. 42) is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED**.   _s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

7